**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                         **Criminal Action No. 3:08-CR-11-02**
                                              **(BAILEY)**

**JERRY JOSE DAVIS**,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR
REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

Pending before this Court are defendant's *pro se* Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 99) and defendant's *pro se* Motion for Appointment of Counsel (Doc. 101). In his motions, the defendant seeks a sentence reduction provided by the 2011 amendments to the Sentencing Guidelines. This Court will deny the Motions.

This is a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. **United States v. Legree**, 205 F.3d 724 (4th Cir. 2000). As noted by the Fourth Circuit in **Legree**, "[a] motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" 205 F.3d at 730, quoting **United States v. Tidwell**, 178 F.3d 946, 949 (7th Cir.), *cert. denied*, 528 U.S. 1023 (1999). In accord is **United States v. Dunphy**, 551 F.3d 247 (4th Cir.), *cert. denied,* 129 S.Ct. 2401 (2009). *See* **Dillon v. United States**,130 S.Ct. 2683 (2010).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." **United States v. Gilliam**, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1b1.10.

In this case, despite the fact that the appointment of counsel is not required, the defendant's interests were represented by the Federal Public Defender, who reviewed this case on defendant's behalf.

The sentencing judge found a base offense level of 26, less two levels for acceptance of responsibility, for a total offense level of 24. With a criminal history category of IV, the guidelines provided a sentencing range of 77-96 months. The Judge sentenced the defendant to a sentence of 77 months.

In this case, the parties stipulated that the relevant conduct was 33.17 grams of cocaine base. Under the retroactive 2011 cocaine base guideline amendments, this results in a base offense level of 26, which is the same base offense level as was applicable in the

defendant's original sentencing. Accordingly, the defendant's guideline level and sentencing range did not change, and the defendant is not entitled to any further reduction.

For the reasons stated above, defendant's *pro se* Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 99) and defendant's *pro se* Motion for Appointment of Counsel (Doc. 101) are **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein.

**DATED:** December 14, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE